**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR FRANCISCO, | : |
| Plaintiff, | : Civ. No. 23-22775(GC)(JBD) |
| v. | : |
| NEW JERSEY DEPARTMENT OF CORRECTION, et al., | : |
| | : **MEMORANDUM & ORDER** |
| Defendants. | : |

**CASTNER, District Judge**

Plaintiff Nestor Francisco ("Plaintiff") is incarcerated at New Jersey State Prison in Trenton, New Jersey and has filed a pro se civil complaint seeking relief under 42 U.S.C. § 1983. At this time, the Court reopens this matter to address Plaintiff's recent filings. (ECF No. 4-5.) For the reasons explained below, the Court denies without prejudice Plaintiff's request to reopen this matter, administratively terminates this case, and provides Plaintiff with an opportunity to pay the $402.00 filing fee or submit a complete application to proceed *in forma pauperis* ("IFP" application).

Plaintiff's Complaint is dated October 27, 2023, and the Clerk of the Court docketed it on November 28, 2023. (ECF No. 1 at 6.) The Complaint was not accompanied by a $402.00 filing fee[1] or an application to proceed *in forma pauperis* ("IFP"). On February 1, 2024, the Court

---

[1] Although the filing fee is $350.00, the administrative fee increased from $52.00 to $55.00 on December 1, 2023. Plaintiff submitted his Complaint for filing prior to the fee increase, and, thus, the total filing fee for this case is $402.00.

administratively terminated the action because Plaintiff had not applied for IFP status or submitted the $402.00 filing fee. (*See* ECF 1-2.)

On February 15, 2024, Plaintiff wrote to the Court and provided a prison account statement showing that $400.00 was deducted from his prison account on November 16, 2023. (ECF No. 4, 4-2 at 1). The "Transaction Description" lists "Check—United States District Court[.]" *Id.* Plaintiff explains that he has no control over whether the prison mailed the $400.00 check and that the money has not been refunded to his prison account. (*See* ECF No. 4 at 1-2.) Plaintiff also asks the Court to reopen his case. (ECF No. 4-1 at 1.)

At this time, the Court denies without prejudice Plaintiff's request to reopen this matter. As noted above, the total filing fee for this action is $402.00 not $400.00; moreover, the Clerk of the Court has not received a partial filing fee for this case.[2] In order to reopen this matter, Plaintiff must submit the full $402.00 filing fee or apply for IFP status.[3] *See* 28 U.S.C. § 1915(a).

At this time, the Court will administratively terminate this action without directing the Clerk of Court to file the complaint. If Plaintiff wishes to reopen this action, he must submit a complete IFP application or pay the $402.00 filing fee within 30 days.

IT IS, therefore, on this 8th day of April 2024,

ORDERED that this matter shall be marked OPEN to address Plaintiff's filings (ECF Nos. 4-5); and it is further

---

[2] Moreover, the District Court would not accept a partial filing fee and would return an incomplete payment to the sender. The Court understands that Plaintiff tried to send a $400.00 check to the District Court. Plaintiff should notify prison officials that the District Court has not received the $400.00 check as of the date of this Order and may provide a copy of this Order to prison officials to show the same.

[3] If Plaintiff submits an IFP application and the Court grants that IFP application, he is not responsible for the $52.00 administrative fee and pays the $350.00 filing fee in installments.

ORDERED that Plaintiff's request to reopen this matter is DENIED without prejudice because Plaintiff has not paid the $402.00 filing fee or applied to proceed *in forma pauperis*; it is further

ORDERED the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter without filing the complaint or assessing a fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall submit a complete IFP application or pay the $402.00 filing fee within 30 days; Plaintiff shall address his submission to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

ORDERED that the Clerk shall serve copies of this Order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case upon Plaintiff by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge