**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR FRANCISCO, | |
| Plaintiff, | Civ. No. 23-22775 (GC) (JBD) |
| v. | |
| NEW JERSEY DEPARTMENT OF CORRECTION, | |
| | **OPINION** |
| Defendant. | |

Plaintiff Nestor Francisco ("Plaintiff") is incarcerated at the New Jersey State Prison in Trenton, New Jersey. This matter comes before the Court on Plaintiff's submission of a civil rights complaint ("Complaint") and an application to proceed *in forma pauperis* ("IFP application"). (ECF Nos. 1, 9.) At this time, the Court reopens this matter, grants Plaintiff's IFP application, and screens the Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court dismisses with prejudice the federal claims against Defendant New Jersey Department of Correction ("Defendant" or "New Jersey Department of Corrections"), provides leave to submit an amended complaint within 45 days, and declines supplemental jurisdiction over the state law claims at this time.

### I.  FACTUAL BACKGROUND

Plaintiff's Complaint is dated October 27, 2023, and the Clerk of the Court docketed it on November 28, 2023. (ECF No. 1, Complaint at 1.) Plaintiff names the New Jersey Department of Corrections as the sole Defendant. (*Id.* at 1, 4.) He indicates that jurisdiction is asserted pursuant to 42 U.S.C. § 1983. (*Id.* at 2.) Plaintiff's "Statement of Claims" and his descriptions of

what Defendant "did or did not do that violated [his] constitutional rights," "the steps taken, including how relief was sought, from whom you sought relief, and the results," and the "Relief" are in Spanish. (*Id.* at 4–6.)

On February 1, 2024, the Court entered a memorandum and order administratively terminating this matter and ordering that, if Plaintiff wishes to reopen this case, he shall submit a complete IFP application or pay the $402.00 filing fee within 30 days. (ECF No. 3, Order at 2–3.) On April 8, 2024, the Court denied Plaintiff's requests to reopen this matter and instead provided him another opportunity to pay the $402.00 fee or submit a complete IFP application. (ECF No. 6, Memorandum & Order at 2–3.) In an order entered on May 1, 2024, the Court denied Plaintiff's IFP application (ECF No. 7) because the account statement was not certified by a prison official. (ECF No. 8, Order at 2–3.) Plaintiff was provided an opportunity to submit a certified account statement or pay the $402.00 filing fee within 30 days if he wished to reopen this case. (*Id.*)

On June 4, 2024, Plaintiff submitted an IFP application, which includes a certified account statement. (ECF No. 9.)

## II.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are (i) frivolous or malicious, (ii) that fail to state a claim upon which relief may be granted, or (iii) that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240

(3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### a. The Federal Claims Brought Pursuant to 42 U.S.C. § 1983

Plaintiff brings his civil rights claims pursuant to 42 U.S.C. § 1983. That statute provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...[.]

42 U.S.C. § 1983. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983." The Court dismisses the § 1983 claims against the New Jersey Department of Corrections because it is not a proper defendant under the statute. *See Will*, 491 U.S. at 68–70 (holding that governmental entitles considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); *Crabow v. S. State Corr.*

3

*Facility*, 726 F. Supp. 537, 538–39 (D.N.J.1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).

Plaintiff has not named any other defendant in his Complaint. The Court provides him leave to submit an amended complaint naming the proper defendant or defendants. To expedite consideration of this matter, Plaintiff may submit his amended complaint in English. However, he is not obligated to submit this amended complaint in English.

### b. The State Law Claims

Where a federal court has original jurisdiction over certain claims, it also has supplemental jurisdiction over all other related claims that form part of the "same case or controversy" under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (same). Section 1367 (c)(3) provides that district courts "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." As relevant here, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). "Additionally, the federal court should be guided by the goal of avoiding needless decisions of state law ... both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726. Here, the Court has dismissed the federal claims at an early stage and declines supplemental jurisdiction over any potential state law claims at this time.[1]

---

[1] If Plaintiff submits an amended complaint, he is free to reassert any state law claims. If Plaintiff states one or more federal claims, the Court will address the state law claims at that time. Alternately, Plaintiff is free to file his claims in state court.

### IV. CONCLUSION

For the reasons explained in this Opinion, the Court dismisses with prejudice the federal claims against Defendant pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court declines supplemental jurisdiction over any potential state law claims at this time. Plaintiff may submit an amended complaint within 45 days if he can name the proper defendant or defendants and may reassert his state law claims. An appropriate Order follows.

DATED: September 9, 2024

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge